### In re Appeal of WHITECO METROCOM, INC.

[Cite as *In re Appeal of Whiteco Metrocom, Inc.* (1991), 76 Ohio App.3d 238.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–757.

Decided Nov. 21, 1991.

*Lucas, Prendergast, Albright, Gibson & Newman, Richard C. Brahm* and *Robert M. Greggo,* for appellants Whiteco Metrocom, Inc. and Hayden Road Plaza, Ltd.

*Ronald J. O'Brien,* City Attorney, and *C. Eileen Pruett,* for appellee Columbus City Graphics Commission.

WHITESIDE, Judge.

Plaintiffs Whiteco Metrocom, Inc. et al. appeal from a judgment of the Franklin County Court of Common Pleas and raise four assignments of error as follows:

"1. The trial court erred in upholding the Columbus Graphics Commission's determination that specifically named and dedicated streets which form a 'Y' intersection with each other are nonetheless the 'same' street for purposes of billboard spacing under Columbus City Code § 3377.4203.

"2. The trial court erred when it upheld an unreasonable, arbitrary, capricious, and illegal decision of the City of Columbus Department of Development and Graphics Commission which was not supported by a preponderance of the evidence on the record as a whole.

"3. The trial court erred when it failed to hold that the application of Columbus City Code § 3377.4203 to appellants was unconstitutional as applied to the facts and circumstances of the case.

"4. The trial court erred when it failed to hold that Columbus City Code § 3377.4203 is unconstitutionally vague on its face and deprives appellants of their property rights without due process of law and denies them the equal protection of the law."

This case involves a permit for the erection of an off-premises graphic sign at 2906 Hayden Road. The city denied a permit for erection of the sign because of the location of an existing sign at 2890 Bethel Road. The city contends that, for purposes of the sign regulations, the two streets should be considered as one even though they are located on different named streets. The city relies upon Columbus City Code ("C.C.") 3377.4203, which provides that an off-premise site location for a graphic fourteen by forty-eight foot sign

must be separated from every other off-premise sign along the same street by no less than one thousand two hundred fifty feet. The sign in question is only seven hundred feet from a graphic site located at 2890 Bethel Road.

The "transcript" of the hearing before the graphics commission indicates that the location of the sign is " * * * 2906–2994 Hayden Run Plaza located on the northeast side of Hayden Run Road 450 feet plus or minus south of Donnylane Blvd. * * * " As indicated, the sign which is allegedly closer is on Bethel Road, not Hayden Run Road. However, before the commission, a "staff member" stated that:

" * * * the staff disapproved an off-premise permit location and our disapproval was based on the understanding that Hayden Road which is off to the left of the screen, Hayden Run Road which is here as I show with the pointer, and Bethel Road which is designed and constructed so as to form a single arterial street. * * * If [sic] forms a single arterial street whereas existing or Old Bethel Road is clearly two lane that is intersecting at 90 degrees at this point. * * * "

As stated to the commission by the counsel for the applicant, the question is " * * * what constitutes a same street? Are two streets the same street or are they different streets? * * * " He presented evidence that the other permit was for a location at 2890 Bethel Road, not Hayden Run Road. He also submitted " * * * certified copies of the Road Records of Franklin County of the City of Columbus, which indicate that Bethel Road and Hayden Road were dedicated as separate streets not the same streets. * * * " A member of the city's traffic engineering department referred to what he called "a copy of the Thoroughfare Plan." He then went on to testify as follows:

" * * * Presently Hayden Rd. is now 4 lanes as it goes from its intersection of Bethel on west and across the bridge over the Scioto, it is now a 4 lane highway. Certainly motorist[s] driving that artery do not know when they have left Bethel Rd. and when they are on Hayden Rd. There is no difference whatsoever in terms of functio[n], the width of the lanes are the same [and] the speed is the same and the amount of traffic is the same. * * * There are other similar situations around the city also where we have two streets with different names technically but the same functional street. * * * "

However, he also pointed out that Bethel Road continues westward beyond its intersection with Hayden Road, although Hayden Road apparently does not go any farther east after its intersection with Bethel Road. He expressly admitted that there was an intersection of Hayden Road and Bethel Road. He referred to the continuation of Bethel Road as "old" Bethel Road.

The basic issue is the meaning of the Columbus City Code. The evidence permits only one conclusion and that is the street known as "Hayden" or "Hayden Run Road" is a completely separate dedicated street from Bethel Road. However, the two separately dedicated streets have been so constructed and utilized functionally in recent years that they function as a single artery even though they are two separate streets. The city contends that what is or is not a street is determined by the function or use for traffic flow purposes rather than by dedication and street name. If this case turns upon a street by the dedication and name of the street, it is clear that the signs in question are not on the same street but, instead, on two separately dedicated and named streets although, because of traffic flow designations, the two streets in part function together for traffic flow purposes. However, the one street (Bethel Road) continues on westward as a continuation of Bethel Road. This is not a situation where there is a single right-of-way and a continuation of a single street, both for traffic purposes and by dedication, but with different portions having different names.

The city presented evidence including Ordinance No. 1513–81, passed July 25, 1981. Basically, this is what has been referred to as the "Thoroughfare Plan." There are various definitions in the ordinance, among which is the definition of the word "corridor" in section one of the ordinance, which states, in part: " * * * Proposed corridors are those corridors connecting two existing streets." Section one also defines various types of "arterials," including "4–2D," which is defined as follows:

"A 'Type "4–2D" Arterial' is an arterial street having a minimum right-of-way width of 120' wherever possible. Such arterial streets shall, wherever possible, be designed to accommodate a 72' pavement consisting of four moving lanes with median divider on mainline sections."

Section eight of the ordinance says "[t]hat the following list of existing and proposed east-west corridors * * * are hereby designated arterials with types as listed:

### EAST–WEST ARTERIALS

| Arterial | From | To | Type |
| --- | --- | --- | --- |
| *** | | | |
| Bethel Road | Columbus–Marysville Rd. (at its intersection with Hayden Run Road) | Olentangy River Road | 4–2–D |
| *** | | | |
| Hayden Run Road | Avery Road | Bethel Road | 4–2–D |

The proposed sign on Hayden Run Road is between Bethel Road and Avery Road being just west of Bethel Road. The sign is also between the Hayden Run Road intersection with Bethel Road and the Hayden Run Road intersection with Columbus–Marysville Road.

The evidence clearly indicates that the proposed off-premise sign location rests on property fronting a street with a different name, different dedication, and right-of-way and different house number identification from the present existing off-premise sign on the other street. In addition, the ordinance relied upon by the city is uncodified. The city graphics code, on the other hand, is codified as part of the zoning code (Chapters 3375 to 3383, inclusive) and contains no reference whatsoever to the uncodified ordinance No. 1512–81, nor to the Thoroughfare Plan nor to arterials or corridors. The graphics code apparently contains no specific definition of "street," but C.C. 3303.84 defines the word "street" for the purposes of all provisions of the zoning code as follows:

"A 'street' is any thoroughfare or public park [*sic*] not less than thirty-five (35) feet in width which has been dedicated or deeded to the City for public uses."

Hayden Run Road and Bethel Road are separately dedicated streets which form a "Y" intersection with each other, even though traffic flow is such that westbound traffic on Bethel normally continues westward on Hayden Run Road rather than going straight through on Bethel Road, although doing so is quite possible and permissible. On the other hand, eastbound traffic on Hayden Run Road necessarily must continue eastward on Bethel Road because Hayden Run Road dead-ends into Bethel Road at the "Y" intersection. Traffic control devices, however, create the direction of traffic flow indicated above. As we noted above, the applicable provision of C.C. 3377.4203(A) is:

"Each off-premise site location designed and constructed for a graphic fourteen feet by forty-eight feet (14' × 48') in area shall be separated from every other off-premise site location *along the same street* by no less than twelve hundred fifty-feet (1,250)." (Emphasis added.)

Words are to be given their ordinary and real meaning, not a strained and obtuse meaning. Here, it is clear from the ordinances and the evidence that Hayden Run Road and Bethel Road are two separate and distinct city streets.

They are named differently, were dedicated differently and are different streets. Although Hayden Run Road on its east dead-ends into Bethel Road at their intersection, Bethel Road continues both eastward and westward from its intersection at Hayden Run Road. It is only through traffic control devices that westbound traffic on Bethel Road is directed to continue uninterrupted onto Hayden Run Road and eastbound Hayden Run Road is directed to continue uninterrupted on Bethel Road. The two roads are different streets, and it is both unlawful and an abuse of discretion for the graphics commission to attempt to treat them as if they were a single street which, in fact, they are not.

Turning more specifically to the assignments of error, the first two are well taken for the reasons stated above.

As to the third assignment of error, we cannot appropriately reach the constitutional issue since the decision of the commission is supported neither by law nor fact and no issue of constitutional dimension is present. The third assignment of error is not well taken.

Likewise, we find the section in question to be clear on its face as applied to the facts at hand. If it were interpreted as the city contends, the provision would be arguably unconstitutionally vague on its face. However, it is not reasonably capable of such an interpretation. Although this court will defer to a long-continued administrative interpretation of law, here the interpretation is neither long-continued nor justified by the clear language of the ordinance. Accordingly, the fourth assignment of error is not well taken.

For the foregoing reasons, the first and second assignments of error are sustained, the third and fourth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to reverse the decision of the Columbus Graphics Commission and to conduct such further proceedings and issue such further orders as may be appropriate and consistent with law and this opinion.

*Judgment reversed*
*and cause remanded*
*with instructions.*

STRAUSBAUGH and PEGGY BRYANT, JJ., concur.